FOX RIDGE ASSOCIATES & CO. *vs.* BOARD OF ASSESSORS
OF MARSHFIELD.

Suffolk.  April 6, 1984. — August 7, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Taxation,* Real estate tax: value. *Value.*

In applying the income capitalization method for determining, as of January
1, 1980, the fair cash value of a parcel of land and the residential
buildings thereon, the Appellate Tax Board properly used the rent rolls
as of that date, rather than the actual rent received during 1979, as
contended for by the taxpayer, where the board's conclusion that the
rent rolls would more fairly represent the gross income of the property
was based upon warranted subsidiary findings. [653-654]

In applying the income capitalization method for determining the fair cash
value of a parcel of land and the residential buildings thereon, the
Appellate Tax Board properly disallowed as an item of expense a $40,450
reserve for replacement of short term items, where the board could
reasonably conclude that the reserve duplicated expenses already carried
in the taxpayer's operating and maintenance accounts. [654-655]

APPEAL from a decision of the Appellate Tax Board.

*Walter L. Sullivan* for the taxpayer.

*John F. Ridge,* for Board of Assessors of Marshfield, sub-
mitted a brief.

HENNESSEY, C.J. The taxpayer, Fox Ridge Associates &
Co. (Fox Ridge), an owner of land and residential buildings
on Plain Street, Marshfield (the property), appeals from a de-
cision by the Appellate Tax Board (board) allowing an abate-
ment of real estate taxes assessed by the town of Marshfield
(town) on the property for fiscal 1981. Fox Ridge asserts that
the allowed abatement is too low, and claims that two factors
in the board's determination of the fair cash value of the prop-
erty were not supported by substantial evidence. The first factor
is the income level used by the board as a basis for valuing the

property by the income capitalization method. The second is the amount of expenses allowed by the board to determine net income of the property for an income capitalization valuation.

Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6), inserted by St. 1954, c. 681, § 1. See, e.g., *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 465-466 (1981). In reviewing whether the board's decision is supported by such evidence, we consider the decision in light of the entire record before the board, including evidence which fairly detracts from the weight of the evidence supporting the board's decision. See, e.g., *Boston Edison Co.* v. *Assessors of Watertown,* 387 Mass. 298, 302 (1982); *New Boston Garden Corp.* v. *Assessors of Boston, supra.* We conclude that the record before the board in this case contains substantial evidence supporting its decision.

The board used a gross income figure based on the 1980 rent rolls of the property to determine the fair cash value of the property as of January 1, 1980. This figure was introduced as part of the town's appraisal report on the property. Fox Ridge proposed an alternate income figure, based on the actual 1979 gross income of the property. The figure introduced by Fox Ridge was lower than that based on the rent rolls. The board rejected the actual 1979 gross income figure as an appropriate starting point, on the record before it, for developing an income stream to be capitalized in determining the property's fair cash value for January 1, 1980. The board stated that it chose to rely on the January, 1980, rent rolls in valuing the property because it determined that "the use of the actual rents received for calendar year 1979 would not fairly represent the potential gross income of the property." It rested this conclusion primarily on two subsidiary findings. First, it observed that "[t]he income shown by the rent rolls as of 1/1/80 was significantly higher than the actual rental income for calendar year 1979." Second, it noted that "[t]here was no testimony from appellant as to an exceptional vacancy or uncollectible rate on the property. There was no testimony as to increased rentals, but there was some testimony as to poor management at the

property in 1978 prior to new management being hired." The record supports these subsidiary findings and Fox Ridge does not challenge them.

The parties disagreed about the proper starting point for establishing an income stream which could be used in conducting an income capitalization valuation of the property. Accordingly, choosing a proper starting point based on the figures presented to it was within the board's discretion and expertise. " 'The market value of the property could not be proved with mathematical certainty and must ultimately rest in the realm of opinion, estimate and *judgment.* . . . *The board could select the various elements of value as shown by the record and from them form,* as it properly did, its own independent judgment.' (Emphasis added, citations omitted.)" *New Boston Garden Corp.* v. *Assessors of Boston, supra* at 473, quoting *Assessors of Quincy* v. *Boston Consol. Gas Co.,* 309 Mass. 60, 72 (1941). We believe that the record and the board's subsidiary findings adequately support its conclusion that the income value of the property is best measured by the 1980 rent rolls for the property. One reasonably could conclude from the facts before the board that the actual 1979 rental income of the property was artificially low and, therefore, an improper basis upon which to establish an income stream for income capitalization purposes. We therefore conclude that the board's use of the 1980 rent rolls for the purpose of valuing the property under the income capitalization method is supported by substantial evidence.

Fox Ridge next contends that the board erred in calculating the 1980 expenses of the property. In its calculation the board disallowed as an expense a $40,450 reserve for replacement of short term items, such as appliances, included in the expenses submitted by both parties. Fox Ridge contends that the board's disallowance of this reserve as an expense was not supported by substantial evidence. We disagree.

The appraiser presented by Fox Ridge testified that his report was based on an audit of the property by a certified public accountant. Both the appraiser's report and the audited report on which it relied were introduced as exhibits. Reviewing these

exhibits, the board noted that the audited report did not contain the special $40,450 reserve allowance as a separate expense. Accordingly, the board concluded that the cost of replacing the short term items covered by the proposed $40,450 reserve "would be carried in the operating and maintenance accounts listed in the audit. Thus adding these expenses in a second time as scheduled expenses would improperly inflate the audit expenses." The board reasonably could so conclude. Fox Ridge does not indicate, nor have we found, any place in the record where the appraiser presented by Fox Ridge indicated how he developed his $40,450 reserve other than based on the audited report. Nor does he explain why the audited report does not contain such a reserve, or how the expenses allocated to the reserve are different from operating and maintenance accounts listed in the audited report. The fact that the town also allowed the reserve as an expense is not helpful to its position, as the town stated it was relying on the appraiser's report submitted by Fox Ridge in allowing the expense. Similarly, Fox Ridge's suggestion that the board's disallowance of the reserve as an expense was outside the range of testimony is unpersuasive. The board rested its decision on the same audited report, introduced by Fox Ridge as an exhibit on the record, relied on by the appraiser who testified for Fox Ridge. The board acted within its authority and reasonably in accepting that part of the evidence presented to it which it found convincing, and rejecting the remainder. See *North American Philips Lighting Corp.* v. *Assessors of Lynn, ante* 296, 300 (1984). While the board also provided other grounds for disallowing the alleged reserve as an expense, we need not address them as its reliance on the audited report alone is sufficient to support its conclusion.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*